PATRICIA J. RYNN, State Bar No. 092048
LOIS RUBIN, State Bar No. 092889
RYNN & JANOWSKY, LLP
4100 Newport Place Drive, Suite 700
Newport Beach, CA 92660-2423
Telephone: (949) 752-2911
Facsimile: (949) 752-0953

Attorneys for Plaintiff
CAL CITRUS PACKING CO.

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CAL CITRUS PACKING CO., a corporation,<br><br>Plaintiff,<br><br>v.<br><br>ROBERT PARK aka ROBERT G. PARK aka ROBERT CHUNGKOOK PARK aka CHUNG KOOK PARK, an individual, doing business as SUN FRUIT DISTRIBUTING,<br><br>Defendant. | CASE NO. CV-06-3007 PA (RZx)<br><br>**STIPULATION FOR ENTRY OF JUDGMENT AGAINST DEFENDANT; [PROPOSED] ORDER THEREON** |

I.

**THE PARTIES**

The Parties to this Corrected Stipulation of Undisputed Facts and For Entry of Judgment ("Stipulation") are CAL CITRUS PACKING CO. ("Cal Citrus" or "Plaintiff") and ROBERT PARK aka ROBERT G. PARK aka ROBERT CHUNGKOOK PARK aka CHUNG KOOK PARK, an individual, doing business

as SUN FRUIT DISTRIBUTING ("Park" or "Defendant"). Plaintiff and Defendant are collectively referred to as "The Parties."

In consideration of Defendant's agreement to pay sums to Plaintiff in the amounts and at the times set forth below, and for Defendant's agreement to allow judgment to be entered against them in the manner described below. The Parties hereby agree and stipulate, for good and valuable consideration the sufficiency of which is hereby acknowledged, to the following facts, all of which may be adopted by this Court as findings of Fact upon such terms and conditions as provided in this Stipulation.

## II.

## STIPULATED FACTS

1. Between on or about March 18, 2004 and March 26, 2004, Cal Citrus sold and shipped to Defendant at Defendant's request, perishable agricultural commodities for agreed upon selling prices cumulatively totaling the amount of at least $70,731.00;

2. Cal Citrus has taken all steps necessary to properly preserve its PACA Trust rights under 7 U.S.C. §499e(c) with respect to the sales transactions described above and all sums due Cal Citrus from Defendant as separately set forth herein qualify for protection under the PACA trust statute.

3. Defendant has failed to pay Cal Citrus for the PACA balance due as described above, all of which remain past due, and the non-payment of which constitutes a violation of PACA [7 U.S.C. §499e(c)].

4. Defendant is and during all times relevant herein was an owner, officer, director, member, or partner of SUN FRUIT DISTRIBUTING and was in a position to jointly and severally control the PACA trust assets that are the subject of the above-captioned lawsuit.

5. Defendant is a statutory PACA trustee obligated to preserve the PACA trust assets for the benefit of Cal Citrus as PACA trust beneficiaries of Defendant and has breached his obligation as trustee by failing to preserve the PACA trust assets in a manner such that said assets are freely available to promptly pay the sums due to Plaintiff.

6. The total amount due from Defendant to Plaintiff is $70,731.00; however, the Parties have reached a settlement whereby Plaintiff has agreed to accept and Defendant has agreed to pay $45,000.00 to fully satisfy the claims in this action.

7. All admissions and stipulated facts set forth above are made for the purpose of facilitating settlement of the dispute between The Parties. Said admissions and stipulated facts are binding upon The Parties hereto for all purposes but may not be used or relied upon by any person not a party to this agreement for any purpose whatsoever.

8. The Parties, for themselves and for no others, wish to avoid the further expense and uncertainty of litigation and therefore wish to fully resolve and compromise this dispute, and desire to enter into a Stipulation for Entry of Judgment whereby said Defendant shall pay to Plaintiff the compromised agreed to herein in the manner specified below.

## III.

### STIPULATION FOR ENTRY OF JUDGMENT

9. Each of the above Stipulated Facts is hereby incorporated by this reference as though fully set forth herein.

10. Defendant agrees to pay Plaintiff, and Plaintiff agrees to accept payment from said Defendant, the amounts set forth in paragraph 6, above, under the terms set forth herein, as payment in full of all monies owed by Defendant to

1  Cal Citrus arising from or in any way related to the produce purchases described
2  above.
3      11.  Defendant may prepay the sums due hereunder without penalty.
4      12.  The balances due to Plaintiff as set forth above, shall be paid by
5  Defendant in $1,000.00 payments comprised of an initial payment upon execution
6  of this Stipulation, and quarterly payments of $1000.00 thereafter beginning
7  January 1, 2007, and continuing thereafter on April 1, July 1, October 1 and each
8  January 1, April 1, July 1, and October 1 thereafter through October 1, 2017. In
9  the event said payment due date is a holiday or weekend, payment is due the next
10 business day. Payments are due by 12:00 noon at Plaintiff's counsel's office, made
11 payable to "Rynn & Janowsky, LLP Client Trust Account." Appended hereto and
12 incorporated herein by this reference as **Exhibit 1** is an amortization schedule
13 setting forth the amounts and due dates for all payments required under this
14 Stipulation.
15     13.  As long as Defendant makes payments in the manner described above
16 and does not default on the terms of this Stipulation, Plaintiff agrees to waive the
17 balance of its claim as well as interest and attorney's fees during the repayment
18 period.
19     14.  As further consideration for the Plaintiff to enter into this stipulation
20 Defendant hereby agree to allow judgment to be entered against them in the event
21 of default as described herein, in the form set forth in **Exhibit 2**, attached hereto
22 and incorporated herein by this reference. In the event judgment is entered,
23 judgment shall be in an amount equal to the full principal sum due to Plaintiff as
24 described in this Stipulation, $70,731.00, less any payments received by Plaintiff
25 prior to entry of judgment plus accrued interest charges at 10% per annum from the
26 date each obligation originally became due, plus charges, actual attorney's fees and
27 costs and any and all other amounts allowed by this Stipulation.
28

15. So long as each payment is timely made by Defendant in the manner required hereunder, Plaintiff shall take no steps to further prosecute this matter against Defendant and shall request that the above-captioned complaint be dismissed against Defendant, without prejudice, pending payment of the sums required under this Agreement, subject to reopening under the terms set forth herein for the purpose of interpreting and/or enforcing the terms of this Stipulation and entering and enforcing judgment in the event of default.

16. In the event that Defendant fail to remit any payment when due hereunder, Plaintiff shall, upon three (3) calendar days advance notice to Defendant, be entitled to immediately enter and enforce the judgment provided for hereunder. Defendant further agrees that entry of judgment may made on an *ex parte* basis based solely on this Stipulation for entry of judgment and the declaration(s) of Plaintiff and/or Plaintiff's attorney confirming that Defendant has defaulted on the payment terms of this Stipulation. Notice requirements under this paragraph shall be deemed satisfied upon faxing written notice of delinquency of payment and Plaintiff's intent to enforce the judgment provided for hereunder to Defendant's attorney, John Pyung-Ku Lee, at fax no. (213) 487-1168. In the event this fax number is not operational for any reason at the time Cal Citrus attempts to provide notice hereunder, the notice requirements of this paragraph shall be deemed satisfied.

17. In addition to non-payment as described above, the occurrence of any one of the following events prior to payment of the sums due hereunder shall be deemed an event of default entitling Plaintiff to seek immediate enforcement of judgment without further notice to Defendant: (a) Defendant is named in a petition in bankruptcy, filed voluntarily or involuntarily, or otherwise seek the protection of the bankruptcy laws of any competent jurisdiction; or, (b) Defendant makes an assignment for the benefit of creditors; or, (c) Defendant is named in a civil lawsuit

filed by or on behalf of any party seeking to enforce PACA trust rights against Defendant, or any action taken by any creditor seeking to enforce a security agreement or taking any action which causes or has the effect of causing the dissipation of any PACA trust asset to which Plaintiff claim a priority right or interest; or (d) Defendant ceases business operations for any reason whatsoever.

18. In the event Defendant remits payment in an amount less than the full sums required hereunder, and Plaintiff elects to accept said partial payment, the principal amount of judgment entered in favor of Plaintiff shall be reduced by the amount so accepted. The Parties agree that acceptance of partial payment shall not waive or in any way prejudice Plaintiff's rights to enforce judgment against Defendant for the unpaid balance that would otherwise be due upon default as set forth in this Stipulation, less any amounts so accepted.

19. This Stipulation and Settlement was reached after Plaintiff Cal Citrus brought an action to enforce its PACA Trust rights in the appropriate federal district court. Accordingly, nothing in or by virtue of Plaintiff's Stipulation to compromise its PACA claim should be deemed to prejudice, waive, defeat, diminish or otherwise limit Plaintiff's rights under PACA, including, but not limited to, Plaintiff's PACA Trust rights, and Plaintiff's ability to enforce said trust rights against remaining Defendants not parties to this Stipulation.

20. This Stipulation may be executed in counterparts, each of which shall together be construed as a single original document. A fully executed copy of this Stipulation, including facsimile signatures, may be used in lieu of the original for all purposes.

21. In the event any provision of this Stipulation is deemed to be invalid or void by any court of competent jurisdiction, all other provisions contained herein shall remain in full force and effect.

22. This Stipulation shall be interpreted, and the rights and liabilities of the parties hereto determined, in accordance with the laws of the State of California.

23. Defendant and Plaintiff acknowledge that by signing this Stipulation, they are giving up their right to a jury trial in connection with the allegations contained in the complaints filed herein and any subsequent complaints which may be filed by Plaintiff to enforce either this Stipulation or any other rights which are the subject of this Stipulation.

24. The Parties, and each of them, acknowledge having had the opportunity to discuss this Stipulation with its or their own attorney, and that they have availed themselves of that opportunity to the extent they have desired to do so.

25. In the event of Defendant's default as defined herein, Plaintiff shall be entitled to reimbursement of actual attorneys in connection with said default and in enforcing the terms of this stipulation and judgment entered hereon. If any lawsuit or other legal action is brought as between or among any of the Parties hereto relating to, arising out of, or to enforce, any of the provisions of this Stipulation, the prevailing Party shall be entitled to collect its reasonable attorney's fees and costs incurred in connection therewith.

26. All persons whose signatures appear below on behalf of a corporate or limited liability company party hereby represent and warrant that such persons have the authority to execute this Stipulation and Stipulation on behalf of the corporate party and that by doing so have bound the corporate party to the terms of this Stipulation. Said persons also represent that additional steps necessary to so bind the corporation or limited liability company, such as a corporate resolution, shall be promptly taken.

27. Each of the Parties hereto expressly represents and warrants that each party has made such investigation of the facts pertaining to this Stipulation, and all matters pertaining hereto as it deems necessary or desirable.

28. Each of the Parties agrees that each of them is equally responsible for the drafting of this Stipulation and none of the Parties shall be deemed to be the drafter of this Stipulation.

29. Upon entry of an order approving this Stipulation in its entirety without modifications, Plaintiff's action may be dismissed without prejudice pending repayment of the sums due hereunder, subject to reopening upon the terms and conditions set forth herein.

30. The parties agree that the U.S. District Court for the Central District of California shall nevertheless retain exclusive jurisdiction over the parties and subject matter herein to reinstate said action in order to enforce or interpret the provisions of this Agreement and to enter and enforce judgment hereon.

31. Within fourteen (14) days from the Parties' execution of this Agreement, Plaintiff shall send a letter to the PACA Branch in which its original reparation claim was filed, with a copy to Counsel for Defendant, notifying the PACA Branch that the PACA Reparation Complaint claim filed against Defendant Sun Fruit has been resolved and requesting that the PACA Branch close its file and to discontinue any related action by the PACA Branch against Defendant based on said complaint.

IT IS SO STIPULATED:

CAL CITRUS PACKING CO.

DATED: 12-29-06    By: _____
                   Its: _____

1
2
3
4
5  DATED: 12/13/06          By: _____
                                ROBERT PARK aka ROBERT G.
6                               PARK aka ROBERT CHUNGKOOK
                                PARK aka CHUNG KOOK PARK
7                               dba SUN FRUIT DISTRIBUTING
8
    APPROVED AS TO FORM AND CONTENT:
9
10 DATED: 12/15/06          RYNN & JANOWSKY, LLP
11
12
                           By: _____
13                              PATRICIA J. RYNN
                                Attorneys for Plaintiff CAL CITRUS
14                              PACKING
15
16 DATED: 12/13/06          LAW OFFICES OF JOHN P. LEE
17
18
                           By: _____
19                              JOHN PYUNG-KU LEE
                                Attorneys for Defendant ROBERT
20                              PARK aka ROBERT G. PARK aka
                                ROBERT CHUNGKOOK PARK aka
21                              CHUNG KOOK PARK, an
22                              individual, doing business as SUN
                                FRUIT DISTRIBUTING
23
24
25
26
27
28

# ORDER

Having read the above Stipulation for entry of judgment and good cause appearing therefore,

IT IS HEREBY ORDERED that said Stipulation is approved in its entirety.

IT IS FURTHER ORDERED that the following Stipulated Findings of Fact are adopted by this Court:

1. Between on or about March 18, 2004 and March 26, 2004, Cal Citrus sold and shipped to Defendant at Defendant's request, perishable agricultural commodities for agreed upon selling prices cumulatively totaling the amount of at least $70,731.00;

2. Cal Citrus has taken all steps necessary to properly preserve its PACA Trust rights under 7 U.S.C. §499e(c) with respect to the sales transactions described above and all sums due Cal Citrus from Defendant as separately set forth herein qualify for protection under the PACA trust statute.

3. Defendant has failed to pay Cal Citrus for the PACA balance due as described above, all of which remain past due, and the non-payment of which constitutes a violation of PACA [7 U.S.C. §499e(c)].

4. Defendant is and during all times relevant herein was an owner, officer, director, member, or partner of SUN FRUIT DISTRIBUTING and was in a position to jointly and severally control the PACA trust assets that are the subject of the above-captioned lawsuit.

5. Defendant is a statutory PACA trustee obligated to preserve the PACA trust assets for the benefit of Cal Citrus as PACA trust beneficiaries of Defendant and has breached his obligation as trustee by failing to preserve the PACA trust assets in a manner such that said assets are freely available to promptly pay the sums due to Plaintiff.

6. The total amount due from Defendant to Plaintiff is $70,731.00; however, the Parties have reached a settlement whereby Plaintiff has agreed to accept and Defendant has agreed to pay $45,000.00 to fully satisfy the claims in this action. So long as Defendant continues to make the payments as prescribed herein, the compromised amount of $45,000.00 will be effective and remain in force. Should Defendant default, however, the amount of the claim will revert to the original principal balance of $70,731.00, less any amounts paid, plus all accrued interest and attorneys' fees and costs as provided in the Stipulation.

IT IS FURTHER ORDERED that, by reason of Plaintiffs efforts to enforce its PACA trust rights in the manner prescribed by statute, the agreement by the parties to compromise and settle the claim on the terms hereby approved shall in no way abrogate or nullify the status of Plaintiff's claim as a perfected PACA Trust claim under 7 U.S.C. §499e(c), nor shall it in any way affect the validity or enforceability of Plaintiff's claim under the PACA Trust provisions of the statute in the event of Defendant's default.

IT IS FURTHER ORDERED that upon default as described in the foregoing stipulation, Plaintiff shall be entitled to immediate entry of judgment in the manner and under the conditions set forth in said Stipulation in a form set forth at Exhibit 2 attached hereto. Judgment shall be in an amount equal to the full principal sum due to Plaintiff as described in this Stipulation, $70,731.00, less any payments received by Plaintiff prior to entry of judgment plus interest charges at 10% per annum from the date each obligation originally became due, actual attorney's fees and costs and any and all other amounts allowed by the Stipulation of the parties.

IT IS FURTHER ORDERED that upon entry of this Order Plaintiff's complaint shall be dismissed, without prejudice, subject to reopening in the manner set forth in the Stipulation for the purposes of interpreting and/or enforcing the terms of this Stipulation and entering and enforcing judgment as contemplated herein.

IT IS FURTHER ORDERED that this Court shall retain exclusive personal and subject matter jurisdiction over this complaint for the purpose of enforcing the terms of this stipulation and entering and enforcing judgment entered thereon all purposes.

SO ORDERED.

DATED: January 18, 2007

HON. PERCY ANDERSON
JUDGE, U.S. DISTRICT COURT



EXHIBIT 1

Cal-Citrus Packing Co. v. Sun Fruit Distributing

Rate Period ................... : Quarterly

Nominal Annual Rate .... : 0.000 %
Daily Rate .................... : 0.00000 %

CASH FLOW DATA

| Event | Date | Amount | Number | Period | End Date |
|---|---|---|---|---|---|
| 1 Loan | 01/01/2007 | 45,000.00 | 1 | | |
| 2 Payment | 01/01/2007 | 1,000.00 | 1 | | |
| 3 Payment | 01/01/2007 | 1,000.00 | 44 | Quarterly | 10/01/2017 |

AMORTIZATION SCHEDULE - U.S. Rule (no compounding)

| Date | Payment | Interest | Principal | Balance |
|---|---|---|---|---|
| Loan 01/01/2007 | | | | 45,000.00 |
| 1  01/01/2007 | 1,000.00 | 0.00 | 1,000.00 | 44,000.00 |
| 2  01/01/2007 | 1,000.00 | 0.00 | 1,000.00 | 43,000.00 |
| 3  04/01/2007 | 1,000.00 | 0.00 | 1,000.00 | 42,000.00 |
| 4  07/01/2007 | 1,000.00 | 0.00 | 1,000.00 | 41,000.00 |
| 5  10/01/2007 | 1,000.00 | 0.00 | 1,000.00 | 40,000.00 |
| 2007 Totals | 5,000.00 | 0.00 | 5,000.00 | |
| 6  01/01/2008 | 1,000.00 | 0.00 | 1,000.00 | 39,000.00 |
| 7  04/01/2008 | 1,000.00 | 0.00 | 1,000.00 | 38,000.00 |
| 8  07/01/2008 | 1,000.00 | 0.00 | 1,000.00 | 37,000.00 |
| 9  10/01/2008 | 1,000.00 | 0.00 | 1,000.00 | 36,000.00 |
| 2008 Totals | 4,000.00 | 0.00 | 4,000.00 | |
| 10  01/01/2009 | 1,000.00 | 0.00 | 1,000.00 | 35,000.00 |
| 11  04/01/2009 | 1,000.00 | 0.00 | 1,000.00 | 34,000.00 |
| 12  07/01/2009 | 1,000.00 | 0.00 | 1,000.00 | 33,000.00 |
| 13  10/01/2009 | 1,000.00 | 0.00 | 1,000.00 | 32,000.00 |
| 2009 Totals | 4,000.00 | 0.00 | 4,000.00 | |
| 14  01/01/2010 | 1,000.00 | 0.00 | 1,000.00 | 31,000.00 |
| 15  04/01/2010 | 1,000.00 | 0.00 | 1,000.00 | 30,000.00 |
| 16  07/01/2010 | 1,000.00 | 0.00 | 1,000.00 | 29,000.00 |
| 17  10/01/2010 | 1,000.00 | 0.00 | 1,000.00 | 28,000.00 |
| 2010 Totals | 4,000.00 | 0.00 | 4,000.00 | |
| 18  01/01/2011 | 1,000.00 | 0.00 | 1,000.00 | 27,000.00 |
| 19  04/01/2011 | 1,000.00 | 0.00 | 1,000.00 | 26,000.00 |
| 20  07/01/2011 | 1,000.00 | 0.00 | 1,000.00 | 25,000.00 |
| 21  10/01/2011 | 1,000.00 | 0.00 | 1,000.00 | 24,000.00 |
| 2011 Totals | 4,000.00 | 0.00 | 4,000.00 | |
| 22  01/01/2012 | 1,000.00 | 0.00 | 1,000.00 | 23,000.00 |
| 23  04/01/2012 | 1,000.00 | 0.00 | 1,000.00 | 22,000.00 |

**EXHIBIT 1**

Cal-Citrus Packing Co. v. Sun Fruit Distributing

| Date | Payment | Interest | Principal | Balance |
|---|---|---|---|---|
| 24  07/01/2012 | 1,000.00 | 0.00 | 1,000.00 | 21,000.00 |
| 25  10/01/2012 | 1,000.00 | 0.00 | 1,000.00 | 20,000.00 |
| 2012 Totals | 4,000.00 | 0.00 | 4,000.00 | |
| 26  01/01/2013 | 1,000.00 | 0.00 | 1,000.00 | 19,000.00 |
| 27  04/01/2013 | 1,000.00 | 0.00 | 1,000.00 | 18,000.00 |
| 28  07/01/2013 | 1,000.00 | 0.00 | 1,000.00 | 17,000.00 |
| 29  10/01/2013 | 1,000.00 | 0.00 | 1,000.00 | 16,000.00 |
| 2013 Totals | 4,000.00 | 0.00 | 4,000.00 | |
| 30  01/01/2014 | 1,000.00 | 0.00 | 1,000.00 | 15,000.00 |
| 31  04/01/2014 | 1,000.00 | 0.00 | 1,000.00 | 14,000.00 |
| 32  07/01/2014 | 1,000.00 | 0.00 | 1,000.00 | 13,000.00 |
| 33  10/01/2014 | 1,000.00 | 0.00 | 1,000.00 | 12,000.00 |
| 2014 Totals | 4,000.00 | 0.00 | 4,000.00 | |
| 34  01/01/2015 | 1,000.00 | 0.00 | 1,000.00 | 11,000.00 |
| 35  04/01/2015 | 1,000.00 | 0.00 | 1,000.00 | 10,000.00 |
| 36  07/01/2015 | 1,000.00 | 0.00 | 1,000.00 | 9,000.00 |
| 37  10/01/2015 | 1,000.00 | 0.00 | 1,000.00 | 8,000.00 |
| 2015 Totals | 4,000.00 | 0.00 | 4,000.00 | |
| 38  01/01/2016 | 1,000.00 | 0.00 | 1,000.00 | 7,000.00 |
| 39  04/01/2016 | 1,000.00 | 0.00 | 1,000.00 | 6,000.00 |
| 40  07/01/2016 | 1,000.00 | 0.00 | 1,000.00 | 5,000.00 |
| 41  10/01/2016 | 1,000.00 | 0.00 | 1,000.00 | 4,000.00 |
| 2016 Totals | 4,000.00 | 0.00 | 4,000.00 | |
| 42  01/01/2017 | 1,000.00 | 0.00 | 1,000.00 | 3,000.00 |
| 43  04/01/2017 | 1,000.00 | 0.00 | 1,000.00 | 2,000.00 |
| 44  07/01/2017 | 1,000.00 | 0.00 | 1,000.00 | 1,000.00 |
| 45  10/01/2017 | 1,000.00 | 0.00 | 1,000.00 | 0.00 |
| 2017 Totals | 4,000.00 | 0.00 | 4,000.00 | |
| Grand Totals | 45,000.00 | 0.00 | 45,000.00 | |

SCANNED

SCANNED



EXHIBIT 2

1  PATRICIA J. RYNN, State Bar No. 092048
2  LOIS RUBIN, State Bar No. 092889
   RYNN & JANOWSKY, LLP
3  4100 Newport Place Drive, Suite 700
4  Newport Beach, CA 92660-2423
   Telephone: (949) 752-2911
5  Facsimile: (949) 752-0953

6
   Attorneys for Plaintiff
7  CAL CITRUS PACKING CO.

8
                   IN THE UNITED STATES DISTRICT COURT
9
10                FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CAL CITRUS PACKING CO., a corporation,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>ROBERT PARK aka ROBERT G. PARK aka ROBERT CHUNGKOOK PARK aka CHUNG KOOK PARK, an individual, doing business as SUN FRUIT DISTRIBUTING,<br><br>　　　　　Defendant. | CASE NO. CV-06-3007 PA (RZx)<br><br>**[PROPOSED] JUDGMENT AGAINST DEFENDANT PURSUANT TO STIPULATION** |

22      Having read and considered the Parties' Stipulation For Entry of Judgment
23  Against Defendants; Order Thereon and all supporting pleadings and exhibits
24  submitted therewith and other pleadings and exhibits already on file with this
25  court, and good cause appearing therefore,
26      JUDGMENT IS HEREBY ENTERED in favor of CAL CITRUS PACKING
27  CO. and against Defendant ROBERT PARK aka ROBERT G. PARK aka

**EXHIBIT 2**

06-108/judgment.doc                   1

1  ROBERT CHUNGKOOK PARK aka CHUNG KOOK PARK, dba SUN FRUIT
2  DISTRIBUTING, in the total amount of $_____ (itemized as $70,731.00 in
3  principal, less payments received, plus interest at 10% per annum from the date
4  each obligation became due through the date of _____, plus
5  $_____ in actual attorney's fees and costs in connection with
6  Defendant's default and in enforcing the terms of the Stipulation and Judgment
7  through the date of _____, and all of which qualifies for trust protection
8  under the trust provisions of Perishable Agricultural Commodities Act ("PACA")
9  [7 U.S.C. §499e, *et seq.*].

Plaintiff is further entitled to receive post-judgment interest at the rate of 10% per annum on all sums due under this judgment in until fully paid.

The Clerk shall enter judgment forthwith.

DATED:_____

_____
HON. PERCY ANDERSON
JUDGE, U.S. DISTRICT COURT