**SEND**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 06-3007 PA (RZx) | Date | February 14, 2007 |
|---|---|---|---|
| Title | Cal Citrus Packing Co. v. Robert Park, et al. | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE |
|---|---|

| C. Kevin Reddick | Not Reported | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:**   IN CHAMBERS

    Before the Court is plaintiff's Ex Parte Application to Reinstate Action and Enter Judgment (Docket No. 16).

    Paragraph 16 of the Stipulation for Entry of Judgment provides that "[n]otice requirements under this paragraph shall be deemed satisfied upon faxing written notice of delinquency of payment and Plaintiff's intent to enforce the judgment provided for hereunder to Defendant's attorney . . . ." According to the Ex Parte Application, plaintiff's counsel gave defendant adequate notice of the Ex Parte Application in a January 3, 2008 letter to defendants' attorney notifying him of the delinquency. Although the letter does provide notice of the delinquency, it does not provide sufficient notice of the intention to file an ex parte application. Nor is paragraph 16, in the Court's view, expansive enough to excuse plaintiff's compliance with Local Rule 7-19.1, which requires the attorney making an ex parte application "(a) to make a good faith effort to advise counsel for all other parties, if known, of the date, time and substance of the proposed ex parte application and (b) to advise the Court in writing of efforts to contact other counsel and whether any other counsel, after such advice, opposes the application or has requested to be present when the application is presented to the Court."

    Finally, the Ex Parte Application does not appear to include a proof of service. Absent either notice or evidence that the Ex Parte Application has been served on defendants, the Court will not consider the merits of plaintiff's Ex Parte Application.

    For all of the foregoing reasons, the Court denies plaintiff's Ex Parte Application without prejudice.

    IT IS SO ORDERED.

    :

Initials of Preparer